David STRECK and Donna Streck, Plaintiffs–Appellants,

v.

BOARD OF EDUCATION OF the EAST GREENBUSH SCHOOL DISTRICT, Robert Hennigan, individually and in his official capacity as former East Greenbush Central School District Board of Education President, Terrance L. Brewer, individually and in his official capacity as Superintendent of East Greenbush Central School District, Robin Zalob, individually and in her official capacity as former Assistant Director of Pupil Personnel Services and former CSE, Amanda Bagnato, individually and in her official capacity as Director of Pupil Personnel Services and District 504 Compliance Officer, Michael Kuzdzal, individually and in his official capacity as School Psychologist and CSE member, Stephen Phelps, individually and in his official capacity as School Psychologist and CSE member, and Debbie Gonyea, individually and in her official capacity as School Psychologist for Columbia High School and CSE member, Defendants–Appellees.

No. 06–5892–cv.

United States Court of Appeals, Second Circuit.

May 30, 2008.

Fred J. Hutchison, Donohue, Sabo, Varley & Huttner, LLP, Albany, NY, for Appellants.

Jacinda Conboy (Patrick J. Fitzgerald and Gregg Johnson, on the brief), Girvin & Ferlazzo, P.C., Albany, NY, for Appellees.

1. The Honorable Thomas J. McAvoy of the United States District Court for the Northern

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Circuit Judge, Hon. THOMAS J. McAVOY, District Judge.[1]

### *SUMMARY ORDER*

David and Donna Streck appeal from an order of the District Court for the Northern District of New York (Sharpe, *J.*) granting judgment in their favor for compensatory education under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and dismissing the remainder of their claims under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (" § 504"); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and 42 U.S.C. §§ 1983 and 1985. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

David and Donna Streck argue that the district court erred in dismissing their claims under [1] 42 U.S.C. § 1985; [2] the ADA and § 504; and [3] 42 U.S.C. § 1983. They further contend that [4] there was no evidentiary basis for the court's determination that the value of compensatory education for violations of the IDEA is no more than $4,700 (plus reimbursement for an independent evaluation). "We review a district court's decision to grant a motion to dismiss de novo." *Rweyemamu v. Cote,* 520 F.3d 198, 201 (2d Cir.2008).

[1] Plaintiffs argue that the district court erred in dismissing their § 1985 claim; however, the complaint does not allege a denial of equal protection or invidious animus. *See United Bhd. of Carpenters & Joiners of Amer. v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d

District of New York, sitting by designation.

1049 (1983) (explaining that a 42 U.S.C. § 1985(3) claim requires proof of, *inter alia*, "a conspiracy . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws"); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087–88 (2d Cir. 1993) (per curiam) ("[A § 1985(3) ] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." (internal quotation marks omitted)).

■ [2] Under the ADA and the Rehabilitation Act, a demand for "reasonable accommodations to assure access to an existing program" is cognizable; but a demand for "additional or different substantive benefits" is not. *Wright v. Giuliani*, 230 F.3d 543, 548 (2d Cir.2000) (per curiam). The complaint concedes that David was identified as a student with a disability and was so classified until his high school graduation. Moreover, an Individualized Education Plan ("IEP") was created and implemented. Thus, David was afforded "access to an existing program." *Id.* The complaint challenges the content and sufficiency of the IEP. Thus, the complaint demands "additional or different substantive benefits." *Id.* The district court therefore properly dismissed plaintiffs' ADA and § 504 claims.

■ [3] Plaintiffs contest the district court's dismissal of their 42 U.S.C. § 1983 claim, citing *Polera v. Bd. of Educ. of the Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478 (2d Cir.2002) for the proposition that although monetary damages are unavailable under the IDEA, *id.* at 486, such damages are available in a § 1983 action alleging violations of the IDEA, *id.* at 483.

Plaintiffs fail to allege a denial of procedural safeguards or administrative remedies: they were afforded a hearing before an impartial hearing officer and review by a state review officer ("SRO"). Therefore, plaintiffs may not rely on § 1983 to pursue monetary damages for violations of the IDEA. *See Quackenbush v. Johnson City Sch. Dist.*, 716 F.2d 141, 148 (2d Cir.1983) (affirming district court's refusal to dismiss a complaint that "set[ ] forth a cause of action against the school district under § 1983 for compensatory damages based upon its alleged policy . . . [of] preventing handicapped children from gaining access to the procedural safeguards guaranteed by [a predecessor statute to the IDEA]"); *id.* (Section 1983 "suppl[ies] the right of action to a plaintiff who has been *denied procedural safeguards* . . . ." (emphasis added)); *see also Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 790 (2d Cir.2002) ("[I]f plaintiffs can demonstrate that there is no relief available to them through the administrative process, they may [seek monetary damages for IDEA violations pursuant to § 1983].”); *Mrs. W. v. Tirozzi*, 832 F.2d 748, 755–57 (2d Cir.1987) (affirming district court's denial of a motion to dismiss a § 1983 claim where plaintiffs alleged "a pattern and practice of systematic . . . violations *unable to be addressed at the due process hearings* provided [by the State]" (emphasis added)).

■ Plaintiffs argue that the district court lacked an evidentiary basis for deciding that the just value of compensatory education is no more than the $4,700 awarded (plus reimbursement for an independent evaluation).

Defendants contest neither the SRO's determination that David was deprived of a free appropriate public education nor the district court's ruling that defendants must pay for up to three years of compensatory reading education. Furthermore, defense counsel conceded at oral argument that there was insufficient evidence to support the district court's determination of the just value of the compensatory reading

education. (The $4,700 figure apparently originated in a settlement offer.) Although the district court stated that it "considered the parties' arguments, the relevant law, and the equitable considerations, as outlined by the parties in their motion papers" in arriving at this award, the court failed to accept and consider evidence of the value of the reading program as it is implemented at Landmark College. We are unable to affirm the district court's award on this record.

Consequently, we vacate and remand for a redetermination of the just value of the compensatory reading education awarded by the SRO. The district court's task on remand is complicated by the fact that the SRO awarded plaintiffs up to three years of compensatory reading education as it is implemented at Landmark College: David spent only a year there (perhaps due to his family's financial constraints). Our disposition in no way limits the nature or scope of evidence that the district court may receive or consider in determining the just value of the compensatory reading education awarded by the SRO.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for proceedings consistent with this opinion.